IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RENE ALEXANDER GONZALEZ-VALIENTE,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,[1]<br><br>Respondents. | **8:26CV446**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Rene Alexander Gonzalez-Valiente's ("Gonzalez-Valiente") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Filing No. 1). Gonzalez-Valiente is a "native and citizen of El Salvador." On July 14, 2026, Gonzalez-Valiente was stopped by United States Immigration and Customs Enforcement ("ICE") officers as he[2] left a Menards store. When he "confirmed [he] was present in the United States illegally," he "was taken into custody and transported to the ICE office in Omaha, Nebraska. He reports he "is currently being detained . . . at the McCook Detention Facility and/or the Sarpy County Jail."

[1]David Venturella is now the Acting Director of the United States Immigration and Customs Enforcement. The Clerk of Court is directed to substitute him for former Acting Director Todd Lyons on the docket sheet. *See* Fed. R. Civ. P. 25(d).

[2]Gonzalez-Valiente's petition variously uses both male and female pronouns. The Court uses "he" and "his" as that is what he uses first and most often.

Gonzalez-Valiente contends he is being held "in violation of the Constitution, laws, or treaties of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001). Although Gonzalez-Valiente devotes three pages of his brief to the issue of whether he "should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing" without ever mentioning the Eighth Circuit's binding decision in *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026), which bears heavily on that issue, he actually only presents one claim for relief—procedural due process. He asks the Court to order his immediate release or grant him "a writ of habeas corpus directing the Respondents to provide [him] with a bond hearing *within one week*."

The Court has carefully reviewed Gonzalez-Valiente's petition and the limited facts and circumstances he has provided and finds he is not entitled to any relief. For one thing, Gonzalez-Valiente asks the Court to apply the wrong test. He contends that in determining whether his detention violates due process, the Court must apply the "three-part" balancing test from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To the contrary, this Court has previously concluded based on relevant precedent that *Mathews* balancing does not apply to an immigration-detention challenge like his. *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)). Even if *Mathews* balancing were to apply, Gonzalez-Valiente's assertion that "the statutory deficiencies and plethora of contrary case law with § 1225(b) being improperly used expound the risk of erroneous deprivation of [his] due process rights" is wholly without merit in this Circuit.

Having reviewed Gonzalez-Valiente's petition under the proper framework and in light of his admission that he is in the United States illegally, the Court finds no due-process violation. *See*, *e.g.*, *Banyee*, 115 F.4th at 931-33; *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva*, 2026 WL 948430, at

*2-4. In these circumstances, Gonzalez-Valiente's assertion that his detention since July 14, 2026, violates his constitutional rights is unavailing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."). Accordingly,

IT IS ORDERED:

1. Petitioner Rene Alexander Gonzalez-Valiente's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Filing No. 1) is denied.
2. This case is dismissed.
3. A separate judgment will issue.

Dated this 8th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge